————o————

CENTRAL SAVINGS BANK, Appellant, *vs.* ANDREW W. MEAD, Admr. of Turner Maddox, Respondent.

1. *Bills and notes—Renewal by surviving partner—Protest.*—A., B. and C. while partners indorsed certain promissory notes, A. died before the notes matured. At the maturity of the notes, part of the amount was paid by the maker, and renewal notes were given for the remainder, which were indorsed by B. and C., with the former firm name, and the original notes were surrendered up to the makers and destroyed. The original notes were not protested, nor were any steps taken to hold A.'s estate upon them. *Held,* that A.'s estate would not be held liable for the amount unpaid on the original notes, nor on the renewal notes ; and it makes no difference that the holder of the notes had an understanding with B. and C., that the renewal notes were not taken in satisfaction of the original debt.

*Appeal from St. Louis Circuit Court.*

*Bakewell & Farish*, for Appellant.

I. The notes given in renewal of the original notes maturing next after Maddox's death, were not given or accepted in satisfaction or extinguishment of the original notes, but with the understanding that all the parties originally liable should remain bound for any unpaid part thereof. (Powell vs. Charless' Exr., 34 Mo., 483.)

II. In view of and under the attendant and peculiar circumstances of the case, it was not incumbent on the plaintiff to demand payment of the notes next maturing after Maddox's death, and give notice of non-payment in order to hold the estate of Maddox. In this case it should be borne in mind

that the indorsers were a firm composed of Maddox, Wright and Moore. That though after Maddox's death they could make no new note that could bind Maddox, yet as surviving partners, a notice to them of the maker's failure to pay, would be sufficient in law to bind the old firm, or the waiver by them of demand and notice would be equally binding. The indorsement of the firm was an act joint in its nature, and created a joint liability, and though death had worked a dissolution of the firm, the character of the liability still continued, and in order to fix such liability it was sufficient that the surviving members of the firm should be affected with notice.

Again, the part payment and renewal, though it was no extinguishment of the original demand, was such compliance with the obligation as if sanctioned or adopted by the indorser, would make him liable ; such acquiescence the surviving partners had a right to give, not only for themselves but for the deceased partner. If they could have paid the whole or any part, and had claim for contribution, they could accept part payment that inured to the benefit of all.

*Cline, Jamison & Day*, for Respondent.

The firm of which Maddox was a member, was never in any way liable to the plaintiff except as accommodation indorsers. And that liability could be turned into an indebtedness only by the protest of the note or a waiver of such protest. But nothing of that kind was done, but the notes were surrendered up by the bank to Morrison & Co., at their maturity. If deceased was liable on such notes, then the suit should have been based upon them as being plaintiff's cause of action,—and the liability of Maddox as an indorser established.

That Maddox is not liable on the notes sued on, and given in evidence in the case, all of which were made after Maddox's death, cannot certainly require any argument.

A surviving partner cannot bind a deceased one by becoming an accommodation indorser.

EWING, Judge, delivered the opinion of the court.

This is a suit on four promissory notes executed by Wm.

Morrison & Co., and indorsed by D. T. Wright & Co., bearing date respectively, Sept. 26, 1870; October 31, 1870; November 5th, 1870, and December 7th, 1870.

The petition alleges that Maddox in his life time was a member of the firm of D. T. Wright & Co., and he died in October 1869; that prior to that time plaintiff had loaned to Wright & Co., and Wm. Morrison & Co., on the notes of the latter which were indorsed by Wright & Co., $19,000. That subsequently, at the maturity of the notes, said Wm. Morrison & Co., and D. T. Wright and E. H. Moore, surviving partners and still prosecuting business under the style of D. T. Wright & Co., renewed the notes by paying a portion of the principal and interest; that these renewals were continued from time to time upon payment of the interest and part of principal at each renewal, until the debt was reduced to $8,800, for which sum the notes described in the petition were given. That as said notes matured, D. T. Wright & Co. waived in writing demand of payment, notice, &c., except as to one of them, which was duly protested for non-payment and notice thereof given; that these several notes were renewals of the notes falling due next after the death of said Maddox, and that they were not taken in payment and satisfaction of the notes indorsed by D. T. Wright & Co., during the life of said Maddox.

The answer of the administrator was a denial of any knowledge respecting the matters stated in the petition. There was a judgment for the defendant, which being affirmed at General term, the cause is brought here by appeal. It appears from the evidence, that the firm of D. T. Wright & Co., was originally composed of D. T. Wright, E. H. Moore and Turner Maddox deceased; that while Maddox was alive the firm indorsed certain notes for the accommodation of Wm. Morrison & Co., the makers, which matured after the death of Maddox and were never protested; that after Maddox's death Wright and Moore still continued business in the firm name of D. T. Wright & Co., that Morrison & Co., paid something on said notes, and executed new notes with D. T.

Wright & Co., as indorsers, that firm being then composed of Wright and Moore; that these notes were renewed from time to time by Morrison & Co., with the same indorsers, partial payments being made on each renewal and the notes sued on being the last renewal. It also appeared in evidence that the old notes as they were renewed were surrendered by the plaintiff to Morrison & Co., and were destroyed by them; that they were sometimes marked paid, by the teller of the bank, and at other times not. The President of the bank testified that the notes given in renewal, were not taken in payment and satisfaction of the notes due next after the death of Maddox; that the board accepted part payment and a renewal as to the balance, with the understanding with Wright that the new notes were not taken in payment or extinguishment of the original ones, but that they intended still to hold the estate of Maddox liable.

The mere statement of the facts shows that the case is without merit. The firm, of which Maddox was a member, were indorsers for the accommodation merely of Morrison & Co., and their liability was of course conditional; the notes so indorsed matured after the death of Maddox; were never protested, and none of the steps usual in such cases were taken to make the estate of Maddox liable upon his indorsement. On the contrary, new notes were executed by Morrison & Co., to the plaintiff, and indorsed by Wright and Moore, the surviving members of the firm; and the old notes surrendered to the makers Morrison & Co., and by them destroyed.

Any understanding between the plaintiff and Wright when the new notes were given, after the death of Maddox, to the effect that they were not taken in satisfaction of the original debt, and that plaintiff would hold the estate of Maddox liable therefor, could not bind the estate. He had no authority to enter into any such agreement. Had Maddox been living and the partnership still existing, there would have been no implied authority on the part of Wright to bind him in a transaction of this character unconnected with the partnership.

Judgment affirmed. The other Judges concur, except Judge Sherwood who is absent.